1 TYLER M. PAETKAU, Bar No. 146305
LITTLER MENDELSON
2 A Professional Corporation
650 California Street
3 20th Floor
San Francisco, CA 94108.2693
4 Telephone: 415.433.1940
Facsimile: 415.399.8490
5
Attorneys for Defendant
6 RAYMOND G. CHOY, LORRAINE J. CHOY and
TERESA MARIE NITTOLO doing business as
7 MOLTE COSE

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11
NICOLE MOSS, an individual; and          Case No.
12 DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING             **NOTICE TO FEDERAL COURT OF**
13 YOU HELP OTHERS, a California public    **REMOVAL OF CIVIL ACTION**
benefit corporation,                     **PURSUANT TO 28 U.S.C. §§ 1331, 1441(b)**
14                                        **AND 1446 (FEDERAL QUESTION)**
15                   Plaintiffs,          Complaint Filed: June 27, 2007
16        v.
17 MOLTE COSE, RAYMOND G. CHOY
and LORRAINE J. CHOY, TERESA
18 MARIE NITTOLO, an individual dba
MOLTE COSE, and DOES 1-20, inclusive,
19
                   Defendants.
20

21

22             TO THE CLERK IN THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS
23 NICOLE MOSS AND DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
24 HELPING YOU HELP OTHERS:
25             PLEASE TAKE NOTICE THAT Defendants, Molte Cose, Raymod G. Choy,
26 Lorraine J. Choy and Teresa Marie Nittolo (hereinafter "Defendants"), hereby give Notice of
27 Removal of the above-entitled action from the San Francisco County Superior Court to the United
28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF                    1.
REMOVAL OF CIVIL ACTION

follows:

1.    This action was commenced on June 27, 2007, by the Complaint filed in the Superior Court for the County of San Francisco, entitled *Molte Cose; Raymond G. Choy and Lorraine J. Choy; Teresa Marie Nittolo, an individual dba Molte Cose and Does 1-20, inclusive*, Case No. CGC-07-464669 (hereinafter "the Complaint").

2.    On August 20, 2007, Plaintiffs Nicole Moss and Disability Rights Enforcement, Education, Services: Helping You Help Others (hereinafter "Plaintiffs") personally served Defendant Teresa Marie Nittolo with a copy of the Summons and Complaint. On information and belief on August 21, 2007, Plaintiffs left a copy of the Summons and Complaint with a receptionist at Defendant Raymod G. Choy's office. On information and belief, on August 22, 2007, Plaintiffs mailed a copy of the Summons and Complaint to Defendant Raymond G. Choy. On information and belief on August 21, 2007, Plaintiffs left a copy of the Summons and Complaint with a receptionist at Defendant Lorraine J. Choy's office. On information and belief, on August 22, 2007, Plaintiffs mailed a copy of the Summons and Complaint to Defendant Lorraine J. Choy. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

3.    On September 19, 2007, Defendant Teresa Marie Nittolo filed an Answer to Plaintiffs' Complaint in the Superior Court for the County of San Francisco. A true and correct copy of the Answer is attached hereto as Exhibit B.

4.    Defendants Raymond G. Choy and Lorraine J. Choy have not yet filed an Answer to Plaintiffs' Complaint.

5.    No further proceedings have been heard at the Superior Court for the County of San Francisco.

6.    The instant Notice of Removal is timely filed as it is within thirty (30) days of the service date upon Defendant Teresa Marie Nittolo of the initial pleading pursuant to 28 U.S.C. § 1446(b).

7.    A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the San Francisco County and served upon all parties as required by 28 U.S.C. § 1446(d).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

2.

1

**JURISDICTION**

2          8.          This is a suit of a wholly civil nature brought in a California court. The action

3    is now pending in San Francisco County, California. Venue is proper in this Court pursuant to 28

4    U.S.C. §§ 84(a), 1391, 1446. This case may be removed to this Court by Defendants pursuant to the

5    provisions of 28 U.S.C. § 1441(b) as a result of the existence of original jurisdiction based on federal

6    question.

7

**INTRADISTRICT ASSIGNMENT**

8          9.          All civil actions that arise in the county of San Francisco shall be assigned to

9    the San Francisco Division or the Oakland Division. Northern District Civil Local Rule 3-2(c) and

10   (d); 3-5(b). Further, assignment in the San Francisco Division is proper because a substantial part of

11   the events or omissions giving rise to the claim occurred and a substantial part of property that is the

12   subject of the action is situated in the County of San Francisco, California. Northern District Civil

13   Local Rule 3-2(c) and (d).

14

**FEDERAL QUESTION**

15          10.          Defendants are the owners and operators, lessors and/or lessees or agents, or

16   agents of the owners lessors and/or lessees of the clothing store Molte Cose located at 2044 Polk

17   Street, San Francisco, California, 94109.

18          11.          Upon information and belief, Plaintiff Nicole Moss, a disabled person,

19   attempted to patronize Molte Cose on February 14, 2007, but claims that she was unable to do so

20   because the business was allegedly inaccessible because the subject facilities allegedly did not

21   comply with the ADA Access Guidelines For Buildings and Facilities. As a result, Plaintiffs filed

22   the Complaint. The Complaint alleges the following causes of action: denial of access by a public

23   accommodation in violation of the Americans with Disabilities Act; denial of full and equal access

24   in violation of the California Civil Code; denial of accessible sanitary facilities in violation of the

25   California Health & Safety Code; and denial of access to full and equal accommodations,

26   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights

27   Act.

28          12.          Because Plaintiffs allege that Defendants denied them access to a public

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    3.

1    12.    Because Plaintiffs allege that Defendants denied them access to a public

2    accommodation in violation of the Americans with Disabilities Act, a federal statue, this action is a

3    civil action arising under the laws of the United States of which this Court has original jurisdiction

4    over pursuant to 28 U.S.C. § 1331.  Defendants may remove this action to this Court pursuant to 28

5    U.S.C. §§  1441(b) and 1446 because of the existence of original jurisdiction based on federal

6    question.  With respect Plaintiff's California state law causes of action, these causes of action are

7    removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. §1367 because they

8    are so related to the federal causes of action that they form part of the same case or controversy.

9    Thus, this action is removable in its entirety.

10    13.    Contemporaneously with the filing of this Notice of Removal in the United

11    States District Court for the Northern District of California, Defendants will file a Notice to

12    Plaintiffs, Plaintiffs' Counsel and State Court (with its attachments) of Removal of Civil Action

13    Pursuant to 28 U.S.C. §§ 1331, 1441(b) and 1446 (Federal Question) with the Clerk of the Superior

14    Court for the County of San Francisco.  A true and correct of said Notice without attachments is

15    attached hereto as Exhibit C.

16    Wherefore, having provided notice as is required by law, the above-entitled action

17    should be removed from the Superior Court for the County of San Francisco to this Court.

18    Dated: September __19__, 2007

19

20    _Tyler M. Paetkau_

21    TYLER M. PAETKAU
LITTLER MENDELSON

22    A Professional Corporation
Attorneys for Defendant

23    RAYMOND G. CHOY, LORRAINE J. CHOY
and TERESA MARIE NITTOLO doing

24    business as MOLTE COSE

25

26    C:\Documents and Settings\abarbeau\Desktop\Notice of Removal.Moss.doc

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    4.

# EXHIBIT A

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
THOMAS E. FRANKOVICH, SBN 074414
2806 Van Ness Avenue
San Francisco, CA 94109
TELEPHONE NO.: 415-674-8600          FAX NO.: 415-674-9900
ATTORNEY FOR *(Name):* NICOLE MOSS and DREES: HYHO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street, Rm. 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
NICOLE MOSS, et. al, v. MOLTE COSE, et. al.

*FOR COURT USE ONLY*

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

JUN 2 7 2007

**GORDON PARK-LI, Clerk**
PARAM NATT
BY:
Deputy Clerk

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|

| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | |

CASE NUMBER:
C G C - 0 7 - 4 6 4 6 6 9
JUDGE:
DEPT.:

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☑ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental /Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                 in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence             f. ☐ Substantial post-judgment judicial supervision
3. Type of remedies sought *(check all that apply):*
   a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not a class action suit.
Date: JUNE 20, 2007

THOMAS E. FRANKOVICH
*(TYPE OR PRINT NAME)*                                      *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
2  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
3  2806 Van Ness Avenue
   San Francisco, CA 94109
4  Telephone:    415/674-8600
   Facsimile:    415/674-9900
5
   Attorneys for Plaintiffs
6  NICOLE MOSS
   and DISABILITY RIGHTS
7  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
8  HELP OTHERS
9

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

JUN 2 7 2007

**GORDON PARK-LI, Clerk**
BY: _____
PARAM NATT
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

NOV 3 0 2007 -9:00 AM

DEPARTMENT 212

10

11        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12           **IN AND FOR SAN FRANCISCO COUNTY**

13  NICOLE MOSS, an individual; and          )   CASE NO.  CGC-07-464669
    DISABILITY RIGHTS ENFORCEMENT,           )   **Civil Rights**
14  EDUCATION, SERVICES: HELPING             )
    YOU HELP OTHERS, a California public      )   **COMPLAINT FOR INJUNCTIVE RELIEF**
15  benefit corporation,                      )   **AND DAMAGES:**
                                              )
16          Plaintiffs,                       )   **1st CAUSE OF ACTION:** For Denial of Access
                                              )   by a Public Accommodation in Violation of the
17  v.                                        )   Americans with Disabilities Act of 1990 (42
                                              )   U.S.C. §12101, *et seq.*)
18  MOLTE COSE; RAYMOND G. CHOY and           )
    LORRAINE J. CHOY; TERESA MARIE            )   **2nd CAUSE OF ACTION:** For Denial of Full
19  NITTOLO, an individual dba MOLTE          )   and Equal Access in Violation of California
    COSE;  and DOES 1-20, inclusive,          )   Civil Code §§54, 54.1 and 54.3
20                                            )
            Defendants.                       )   **3rd CAUSE OF ACTION:** For Denial of
21  _____          )   Accessible Sanitary Facilities in Violation of
                                                  California Health & Safety Code §19955, *et seq.*
22
                                                  **4th CAUSE OF ACTION:** For Denial of
23                                                Access to Full and Equal Accommodations,
                                                  Advantages, Facilities, Privileges and/or
24                                                Services in Violation of California Civil Code
                                                  §51, *et seq.* (The Unruh Civil Rights Act)
25

26

27                                                **DEMAND FOR JURY**

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs NICOLE MOSS, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4  RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual

5  dba MOLTE COSE and DOES 1-20, inclusive, and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical

8  disabilities, of which class plaintiff NICOLE MOSS and the membership of DREES are

9  members, for failure to remove architectural barriers structural in nature at defendants' MOLTE

10  COSE, a place of public accommodation, thereby discriminatorily denying plaintiffs and the

11  class of other similarly situated persons with physical disabilities access to, the full and equal

12  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

13  accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff NICOLE MOSS is a person with physical disabilities who, on or about

17  February 14, 2007, was an invitee, guest, patron, customer at defendants' MOLTE COSE, in the

18  City of San Francisco, California.  At said time and place, defendants failed to provide proper

19  legal access to the MOLTE COSE, which is a "public accommodation" and/or a "public facility"

20  including, but not limited to *the entrance*.  The denial of access was in violation of both federal

21  and California legal requirements, and plaintiff NICOLE MOSS suffered violation of his civil

22  rights to full and equal access, and was embarrassed and humiliated.

23  **JURISDICTION AND VENUE:**

24    3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to California

25  Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*,

26  including §19959 and Title 24, California Building Standards Code.  Further, a violation of the

27  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*, is a violation of Civil Code

28  §51 & 54.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

4.   **Venue:**  Venue is proper in this court and is founded on the facts that the real property which is the subject of this action is located at/near 2044 Polk Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.   Plaintiff NICOLE MOSS is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff NICOLE MOSS is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a paraplegic. Plaintiff NICOLE MOSS requires the use of a wheelchair to travel about in public.  Consequently, plaintiff NICOLE MOSS is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.   Plaintiff DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector. DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

7.     That members of DREES, like plaintiff NICOLE MOSS, will or have been guests and invitees at the subject MOLTE COSE, and that the interests of plaintiff DREES in removing architectural barriers at the subject retail store advance the purposes of DREES to assure that all public accommodations, including the subject retail store, are accessible to independent use by mobility-impaired persons.

8.     Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20, inclusive, (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as MOLTE COSE, located at/near 2044 Polk Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive, own and operate in joint venture the subject MOLTE COSE as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

10.     At all times relevant to this complaint, defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20, inclusive, are jointly and severally responsible to identify and remove architectural barriers at the subject retail store pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

### § 36.201     General

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

11.    The MOLTE COSE , is a retail store, located at/near2044 Polk Street, San Francisco, California.  The MOLTE COSE, its entrance, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the MOLTE COSE and each of its facilities, its entrance to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

12.    At all times stated herein, plaintiff NICOLE MOSS was a member of DREES.

13.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the MOLTE COSE as being handicapped accessible and handicapped usable.

14.    On or about February 14, 2007, plaintiff NICOLE MOSS attempted to enter MOLTE COSE through the primary door off Polk.  Plaintiff NICOLE MOSS was unable to wheel into said store because it requires a person to step up over a high threshold.

15.    Therefore, at said time and place, plaintiff NICOLE MOSS , a person with a disability, encountered the following inaccessible elements of the subject MOLTE COSE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

       a.    lack of an accessible entrance due too a high concrete threshold;

       b.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

17.    On or about March 26, 2007, defendant(s) were sent letters by or on behalf of plaintiff NICOLE MOSS advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Defendant's attorney responded by letter of April 3, 2007, but did not address any of the issues or time table set out by plaintiff NICOLE MOSS.   Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

18.    At all times stated herein, defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

19.    As a legal result of defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20, inclusive's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

20.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff NICOLE MOSS suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities. Plaintiff NICOLE MOSS further suffered emotional distress, mental distress, mental suffering, mental anguish, which includes,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

21.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff NICOLE MOSS's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff NICOLE MOSS harm as stated herein.

22.    Plaintiff NICOLE MOSS and the membership of DREES were denied their rights to equal access to a public facility by defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20, inclusive, because defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20, inclusive, i.e., maintained a retail clothing store without access for persons with physical disabilities to its facilities, including but not limited to the entrance, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

23.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

24.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the MOLTE COSE to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the MOLTE COSE as a public facility. Plaintiffs seek damages for violation of their civil rights on February 14, 2007, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after her visit that

1   plaintiff NICOLE MOSS was deterred from returning to the retail store because of her

2   knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

3       25.    On information and belief, defendants have been negligent in their affirmative

4   duty to identify the architectural barriers complained of herein and negligent in the removal of

5   some or all of said barriers.

6       26.    Because of defendants' violations, plaintiffs and other persons with physical

7   disabilities are unable to use public facilities such as those owned and operated by defendants on

8   a "full and equal" basis unless such facility is in compliance with the provisions of the

9   Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et*

10  *seq.* and other accessibility law as plead herein. Plaintiffs seek an order from this court

11  compelling defendants to make the MOLTE COSE accessible to persons with disabilities.

12      27.    On information and belief, defendants have intentionally undertaken to modify

13  and alter existing building(s), and have failed to make them comply with accessibility

14  requirements under the requirements of ADAAG and Title 24. The acts and omission of

15  defendants, and each of them, in failing to provide the required accessible public facilities at

16  the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

17  despicable conduct carried out by defendants, and each of them, with a willful and conscious

18  disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

19  trembling of damages as provided by Civil Code §§52(a) and 54.3, in order to profound example

20  of defendants, and each of them, to other operators of other clothing stores and other public

21  facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5

22  and 54.

23      28.    Plaintiffs are informed and believe and therefore allege that defendants

24  RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual

25  dba MOLTE COSE, and DOES 1-20, inclusive, and each of them, caused the subject building(s)

26  which constitute the MOLTE COSE to be constructed, altered and maintained in such a manner

27  that persons with physical disabilities were denied full and equal access to, within and throughout

28  said building(s) of the retail store and were denied full and equal use of said public facilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Furthermore, on information and belief, defendants have continued to maintain and operate said

2  retail store and/or its building(s) in such conditions up to the present time, despite actual and

3  constructive notice to such defendants that the configuration of MOLTE COSE and/or its

4  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

5  NICOLE MOSS, the membership of plaintiff DREES and the disability community which

6  DREES serves.  Such construction, modification, ownership, operation, maintenance and

7  practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and

8  Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

9       29.    On personal knowledge, information and belief, the basis of defendants' actual

10  and constructive notice that the physical configuration of the facilities including, but not limited

11  to, architectural barriers constituting the MOLTE COSE and/or building(s) was in violation of

12  the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited

13  to, communications with invitees and guests, plaintiff herself, sponsors of conferences, owners of

14  other retail stores and businesses, notices they obtained from governmental agencies upon

15  modification, improvement, or substantial repair of the subject premises and other properties

16  owned by these defendants, newspaper articles and trade publications regarding the Americans

17  with Disabilities Act of 1990 and other access laws, public service announcements by former

18  U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

19  Defendants' failure, under state and federal law, to make the MOLTE COSE accessible is further

20  evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated

21  persons with disabilities.  Despite being informed of such effect on plaintiff and other persons

22  with physical disabilities due to the lack of accessible facilities, defendants, and each of them,

23  knowingly and willfully refused to take any steps to rectify the situation and to provide full and

24  equal access for plaintiffs and other persons with physical disabilities to the retail clothing store.

25  Said defendants, and each of them, have continued such practices, in conscious disregard for the

26  rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this

27  complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural

28  barriers referred to herein by virtue of the demand letter addressed to the defendants and served

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  concurrently with the summons and complaint. Said conduct, with knowledge of the effect it

2  was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable

3  conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated

4  persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

5       30.   Plaintiff NICOLE MOSS and plaintiff DREES, on behalf of its membership and

6  the disability community which it serves, consisting of persons with disabilities, would, could

7  and will return to the subject public accommodation when it is made accessible to persons with

8  disabilities.

9  I.   **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
   **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
   **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, et seq.)**

10  (On behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

11  benefit corporation and Against Defendants RAYMOND G. CHOY and LORRAINE J.
CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-

12  20, inclusive)
(42 U.S.C. §12101, et seq.)

13

14       31.   Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

15  the allegations contained in paragraphs 1 through 30 of this complaint.

16       32.   Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

17  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

18  protect:

19          some 43 million Americans with one or more physical or mental
        disabilities; [that] historically society has tended to isolate and

20          segregate individuals with disabilities; [that] such forms of
        discrimination against individuals with disabilities continue to be a
        serious and pervasive social problem; [that] the nation's proper

21          goals regarding individuals with disabilities are to assure equality
        of opportunity, full participation, independent living and economic

22          self-sufficiency for such individuals; [and that] the continuing
        existence of unfair and unnecessary discrimination and prejudice

23          denies people with disabilities the opportunity to compete on an
        equal basis and to pursue those opportunities for which our free

24          society is justifiably famous.

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

33.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

34.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

(7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
...

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

42 U.S.C. §12181(7)(E)

35.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

36.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are

necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

      (iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

      (iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

      (v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

      37.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of MOLTE COSE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

      38.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities

involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

39.     On information and belief, construction work on, and modifications of, the subject building(s) of MOLTE COSE occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

40.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

41.     42 U.S.C. 12188 (a)(1) states:, "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, plaintiff NICOLE MOSS has not returned to defendants' premises since on or about February 14, 2007, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

42.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT,
EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
benefit corporation, and Against Defendants RAYMOND G. CHOY and LORRAINE J.
CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-
20, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

43.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

allegations contained in paragraphs 1 through 42 of this complaint.

44.    At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical

handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as
> the general public to full and free use of the streets, highways,
> sidewalks, walkways, public buildings, medical facilities, including
> hospitals, clinics, and physicians' offices, and other public places.

45.    California Civil Code §54.1 provides that persons with disabilities shall not be

denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full
> and equal access, as other members of the general public, to
> accommodations, advantages, facilities, medical facilities,
> including hospitals, clinics, and physicians' offices, and privileges
> of all common carriers, airplanes, motor vehicles, railroad trains,
> motorbuses, streetcars, boats, or any other public conveyances or
> modes of transportation (whether private, public, franchised,
> licensed, contracted, or otherwise provided), telephone facilities,
> adoption agencies, private schools, hotels, lodging places, places of
> public accommodation, amusement or resort, and other places to
> which the general public is invited, subject only to the conditions
> and limitations established by law, or state or federal regulation,
> and applicable alike to all persons.

Civil Code §54.1(a)(1)

46.    California Civil Code §54.1 further provides that a violation of the Americans

with Disabilities Act of 1990 constitutes a violation of section 54.1:

1
2
3

        (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

4     47.    Plaintiff NICOLE MOSS and the membership of plaintiff DREES are persons

5 within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

6 the defendants, and each of them, as prescribed by §§54 and 54.1. Each specific architectural

7 barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate

8 act in violation of §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal

9 access to defendants' MOLTE COSE. As a legal result, plaintiffs are entitled to seek damages

10 pursuant to California Civil Code §54.3(a) for each day on which they visited or have been

11 deterred from visiting the clothing store because of their knowledge and belief that the clothing

12 store is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

13
14
15
16
17
18

    Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

19        Civil Code §54.3(a)

20    48.    On or about February 14, 2007, plaintiff NICOLE MOSS suffered violations of

21 §§54 and 54.1 of the Civil Code in that plaintiff NICOLE MOSS was denied access to the store

22 itself and other public facilities as stated herein at the MOLTE COSE and on the basis that

23 plaintiff NICOLE MOSS was a person with physical disabilities.

24    49.    As a result of the denial of equal access to defendants' facilities due to the acts

25 and omissions of defendants, and each of them, in owning, operating and maintaining these

26 subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not

27 limited to rights under §§54, 54.1 and 54.3, Civil Code. Plaintiff NICOLE MOSS further

28 suffered emotional distress, mental distress, mental suffering, mental anguish, which includes

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

50.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about February 14, 2007, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

51.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of §54.3 and §55 of the Civil Code, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2    III.    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
       (On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT,
3      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public
       benefit corporation and Against Defendants RAYMOND G. CHOY and LORRAINE J.
4      CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20,
       inclusive)
5      (Health & Safety Code §19955, *et seq.*)

6        52.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

7    the allegations contained in paragraphs 1 through 51 of this complaint.

8        53.    Health & Safety Code §19955 provides in pertinent part:

9            The purpose of this part is to insure that public accommodations or
10           facilities constructed in this state with private funds adhere to the
             provisions of Chapter 7 (commencing with Sec. 4450) of Division
11           5 of Title 1 of the Government Code.  For the purposes of this part
             "public accommodation or facilities" means a building, structure,
12           facility, complex, or improved area which is used by the general
             public and shall include auditoriums, hospitals, theaters,
13           restaurants, hotels, motels, stadiums, and convention centers.
             When sanitary facilities are made available for the public, clients or
14           employees in such accommodations or facilities, they shall be
             made available for the handicapped.

15       54.    Health & Safety Code §19956, which appears in the same chapter as §19955,

16   provides in pertinent part, "accommodations constructed in this state shall conform to the

17   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

18   Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

19   public accommodations constructed or altered after that date.  On information and belief,

20   portions of the MOLTE COSE and/or of the building(s) were constructed and/or altered after

21   July 1, 1970, and substantial portions of the clothing store and/or the building(s) had alterations,

22   structural repairs, and/or additions made to such public accommodations after July 1, 1970,

23   thereby requiring said store and/or building to be subject to the requirements of Part 5.5, §19955,

24   *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per

25   Health & Safety Code §19959.

26   ///

27   ///

28   ///

55.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of MOLTE COSE and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

56.    Clothing stores such as the MOLTE COSE are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

57.    As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

58.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Civil Code §§54.3 and 55. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

59.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    them, to make the subject place of public accommodation readily accessible to and usable by

2    persons with disabilities.

3         Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

4    **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
          EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

5    **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
          SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

6    (On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT,
     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public

7    benefit corporation, and Against Defendants RAYMOND G. CHOY and LORRAINE J.
     CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE and DOES 1-20,

8    inclusive)
     (Civil Code §51, 51.5)

9         60.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein,

10   the allegations contained in paragraphs 1 through 59 of this complaint.

11        61.    Defendants' actions and omissions and failure to act as a reasonable and prudent

12   public accommodation in identifying, removing and/or creating architectural barriers, policies,

13   practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

14   Unruh Act provides:

15              This section shall be known, and may be cited, as the
         Unruh Civil Rights Act.

16              All persons within the jurisdiction of this state are free and
         equal, and no matter what their sex, race, color, religion, ancestry,

17       national origin, or **disability** are entitled to the full and equal
         accommodations, advantages, facilities, privileges, or services in

18       all business establishments of every kind whatsoever.

19              This section shall not be construed to confer any right or
         privilege on a person that is conditioned or limited by law or that is

20       applicable alike to persons of every sex, color, race, religion,
         ancestry, national origin, or **disability.**

21
                This section shall not be construed to require any

22       construction, alteration, repair, structural or otherwise, or
         modification of any sort whatsoever, beyond that construction,

23       alteration, repair, or modification that is otherwise required by
         other provisions of law, to any new or existing establishment,

24       facility, building, improvement, or any other structure . . . nor shall
         anything in this section be construed to augment, restrict, or alter in

25       any way the authority of the State Architect to require construction,
         alteration, repair, or modifications that the State Architect

26       otherwise possesses pursuant to other . . . laws.

27              A violation of the right of any individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336)

28       shall also constitute a violation of this section.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

62.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

63.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at ¶¶31, *et seq.*, as if repled herein.

64.    As a legal result of the violation of plaintiff NICOLE MOSS's civil rights as hereinabove described, plaintiff NICOLE MOSS has suffered general damages.    Plaintiffs NICOLE MOSS and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive, to make the MOLTE COSE, located at 2044 Polk Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

///
///
///
///
///

II.   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive, to make the MOLTE COSE, located at 2044 Polk Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.   Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.   Treble damages pursuant to Civil Code §54.3;

5.   For all costs of suit;

6.   Prejudgment interest pursuant to Civil Code §3291;

7.   Such other and further relief as the court may deem just and proper.

III.  **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff NICOLE MOSS, and Against Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   General and compensatory damages according to proof.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive)
(Health & Safety code §19955, *et seq.*)

1.     For injunctive relief, compelling defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, and DOES 1-20, inclusive, to make the MOLTE COSE, located at 2044 Polk Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or Civil Code §55, if plaintiffs are deemed the prevailing party;

3.     For all costs of suit;

4.     For prejudgment interest pursuant to Civil Code §3291;

5.     Such other and further relief as the court may deem just and proper.

**V. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs NICOLE MOSS and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE, , and DOES 1-20, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.     All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.     Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.     Treble damages pursuant to Civil Code §52(a);

4.     For all costs of suit;

5.     Prejudgment interest pursuant to Civil Code §3291; and

6.     Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23

1  **VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO
    FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,
2      PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL
    CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**
3      (On Behalf of Plaintiff NICOLE MOSS, and Against Defendants RAYMOND G. CHOY
    and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE
4      COSE, , and DOES 1-20, inclusive)
    (California Civil Code §§51, 51.5, *et seq.*)

5

6      1.      General and compensatory damages to plaintiff NICOLE MOSS according to

7   proof.

8   Dated: ___6/21/07___, 2007    THOMAS E. FRANKOVICH
9                                 *A PROFESSIONAL LAW CORPORATION*

10

11                              By: _____
12                                 THOMAS E. FRANKOVICH
                                 Attorneys for Plaintiffs NICOLE MOSS and DISABILITY
                                 RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
13                                 HELPING YOU HELP OTHERS, a California public
                                 benefit corporation

14

15                          **DEMAND FOR JURY TRIAL**

16      Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17  Dated: ___6/21/07___, 2007    THOMAS E. FRANKOVICH
                                 *A PROFESSIONAL LAW CORPORATION*

18

19                              By: _____
20                                 THOMAS E. FRANKOVICH
                                 Attorneys for Plaintiffs NICOLE MOSS and
21                                 DISABILITY RIGHTS, ENFORCEMENT, EDUCATION
                                 SERVICES: HELPING YOU HELP OTHERS, a California
22                                 public benefit corporation

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Nicole Moss
1 St. Francis Place, #5207
San Francisco, CA 94107

March 26, 2007

Manager
Molte Cose
2044 Polk Street
San Francisco, CA 94109

Dear Manager of Molte Cose:

On Valentines Day I visited Molte Cose.   As I use a wheelchair, I had problems with the step that goes into the store.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge. However it would seem to me that the Owner of the building should be the most responsible seeing that Owner is just that, the owner.  I'd like to come back to Molte Cose once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.        You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible.  That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Nicole Moss*



Nicole Moss
1 St. Francis Place, #5207
San Francisco, CA  94107

March 26, 2007

Owner of The Building
Molte Cose
2044 Polk Street
San Francisco, CA 94109

Dear Owner of the building,

On Valentines Day I visited Molte Cose.  As I use a wheelchair, I had problems with the step that goes into the store.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  However it would seem to me that the Owner of the building should be the most responsible seeing that Owner is just that, the owner.  I'd like to come back to Molte Cose once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know.  Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. http://www.usdoj.gov/crt/ada/adahom1.htm.Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.        You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible.  That's a great deal.  You can get information on this from the two places I mentioned above.  You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Nicole Moss*

Law Offices of
# Michael L. Greenberg
595 Market Street, Ste. 1100
San Francisco, CA 94105

Telephone:    415-777-5750
Facsimile:    415-777-5752

April 3, 2007

**VIA CERTIFIED MAIL**

Nicole Moss
1 St. Francis Place, #5207
San Francisco, CA 94107

Re:    Molte Cose

Dear Ms. Moss:

I represent Molte Cose and am in possession of your March 26, 2007 letter.  Please address all further communication regarding the matters contained within your letter to my attention.

My client is evaluating your assertion that disability related accommodation must be made to the "step that goes into the store."  Do not hesitate to call should you have questions regarding the foregoing.

Yours truly,

Michael L. Greenberg

cc:    client

**ORIGINAL**

1    THOMAS E. FRANKOVICH (State Bar No. 074414)
     THOMAS E. FRANKOVICH,
2    *A Professional Law Corporation*
     2806 Van Ness Avenue
3    San Francisco, CA 94109
     Telephone:    415/674-8600
4    Facsimile:    415/674-9900

5    Attorneys for Plaintiffs
     NICOLE MOSS
6    and DISABILITY RIGHTS
     ENFORCEMENT, EDUCATION,
7    SERVICES: HELPING YOU
     HELP OTHERS

8

9

10

11            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12               **IN AND FOR SAN FRANCISCO COUNTY**

13   NICOLE MOSS, an individual; and        )   **CASE NO.**
     DISABILITY RIGHTS ENFORCEMENT,         )   **Civil Rights**
14   EDUCATION, SERVICES: HELPING           )
     YOU HELP OTHERS, a California public    )   **COMPLAINT FOR INJUNCTIVE RELIEF**
15   benefit corporation,                   )   **AND DAMAGES:**
                                            )
16          Plaintiffs,                     )   **1st CAUSE OF ACTION:** For Denial of Access
                                            )   by a Public Accommodation in Violation of the
17   v.                                     )   Americans with Disabilities Act of 1990 (42
                                            )   U.S.C. §12101, *et seq.*)
18   MOLTE COSE; RAYMOND G. CHOY and        )
     LORRAINE J. CHOY; TERESA MARIE         )   **2nd CAUSE OF ACTION:** For Denial of Full
19   NITTOLO, an individual dba MOLTE       )   and Equal Access in Violation of California
     COSE;  and DOES 1-20, inclusive,       )   Civil Code §§54, 54.1 and 54.3
20                                          )
            Defendants.                     )   **3rd CAUSE OF ACTION:** For Denial of
21   _____)   Accessible Sanitary Facilities in Violation of
                                                California Health & Safety Code §19955, *et seq.*
22
                                                **4th CAUSE OF ACTION:** For Denial of
23                                              Access to Full and Equal Accommodations,
                                                Advantages, Facilities, Privileges and/or
24                                              Services in Violation of California Civil Code
                                                §51, *et seq.* (The Unruh Civil Rights Act)
25

26

27                                              **DEMAND FOR JURY**

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOLTE COSE; RAYMOND G. CHOY and LORRAINE J. CHOY;
TERESA MARIE NITTOLO, an individual dba MOLTE COSE; and
DOES 1-20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NICOLE MOSS, an individual; and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP
OTHERS, a California public benefit corporation,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF SAN FRANCISCO
400 MC ALLISTER ST, RM 103
SAN FRANCISCO, CA 94102

| CASE NUMBER:<br>*(Número del Caso):* | CGC-07-464 669 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas E. Frankovich, 2806 Van Ness Ave, San Francisco, CA 94109
415-674-8600

DATE:                          Gordon Park-Li, Clerk, by          P. NATT          , Deputy
*(Fecha)* JUN 2 7 2007                    *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [✓] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

| | For Court Use Only |
|---|---|
| THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA 94109<br>Telephone No: 415-674-8600     FAX No: 415-674-9900 | |

Attorney for: Plaintiff

Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:

SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff: NICOLE MOSS, et al.

Defendant: MOLTE COSE, et al.

| **PROOF OF SERVICE**<br>**SUMMONS** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-07-464669 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES;  CIVIL CASE COVER SHEET;  NOTICE TO PLAINTIFF;  ADR INFORMATION PACKAGE;  CASE MANAGEMENT STATEMENT (BLANK);  JUDICIAL MEDIATION PROGRAM.

3.  a. Party served:                        TERESA MARIE NITTOLO

4.  Address where the party was served:        2044 POLK STREET<br>                        SAN FRANCISCO, CA  94109

5.  I served the party:
    a.  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Aug. 20, 2007 (2) at: 1:25PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    a. as an individual defendant

7.  Person Who Served Papers:                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. TONY  LOWE
                                        d.   The Fee for Service was:

                                        e.   I am: Not a Registered California Process Server

First Legal Support Services SM
ATTORNEY SERVICES
1511 BEVERLY BOULEVARD
Los Angeles, CA 90026
(213) 250-1111, FAX (213) 250-1197

8.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Aug. 22, 2007

Judicial Council Form POS-010                PROOF OF SERVICE                (TONY LOWE)        6368275.thofr-fg.82529
Rule 982.9.(a)&(b) Rev January 1, 2007            SUMMONS

(A)

| *Attorney or Party without Attorney:*<br>THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA  94109<br>*Telephone No:* 415-674-8600    *FAX No:* 415-674-9900 | *For Court Use Only* |
|---|---|
| *Attorney for:* Plaintiff | *Ref. No. or File No.:* |

| *Insert name of Court, and Judicial District and Branch Court:*<br>SAN FRANCISCO COUNTY SUPERIOR COURT |
|---|
| *Plaintiff:* NICOLE MOSS, et al. |
| *Defendant:* MOLTE COSE, et al. |

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-07-464669 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES;  CIVIL CASE COVER SHEET;  NOTICE TO PLAINTIFF;  ADR INFORMATION PACKAGE;  CASE MANAGEMENT STATEMENT (BLANK);  JUDICIAL MEDIATION PROGRAM.

3. *a. Party served:*               RAYMOND G. CHOY

4. *Address where the party was served:*     2048 POLK STREET, #5<br>SAN FRANCISCO, CA  94109

5. *I served the party:*
   b. **by substituted service.**  On: Tue., Aug. 21, 2007 at: 3:15PM by leaving the copies with or in the presence of:<br>OVAYS TALEL, RECEPTIONIST
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. ***Person Who Served Papers:***
   a. TONY LOWE


**First Legal Support Services** ℠<br>ATTORNEY SERVICES<br>1511 BEVERLY BOULEVARD<br>Los Angeles, CA 90026<br>(213) 250-1111, FAX (213) 250-1197

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. *The Fee for Service was:*

e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Aug. 22, 2007

Judicial Council Form POS-010<br>Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE<br>SUMMONS                    (TONY LOWE)    *6368273.thofr-fg.82521*

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA  94109 | | |
| Telephone No: 415-674-8600    FAX: No: 415-674-9900 | Ref. No or File No.: | |

Insert name of Court, and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff: NICOLE MOSS, et al.

Defendant: MOLTE COSE, et al.

| AFFIDAVIT OF<br>REASONABLE DILIGENCE | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-07-464669 |
|---|---|---|---|---|

1. I, TONY LOWE, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant RAYMOND G. CHOY as follows:

2. Documents:    SUMMONS; COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES;  CIVIL CASE COVER SHEET;
NOTICE TO PLAINTIFF;  ADR INFORMATION PACKAGE;  CASE MANAGEMENT STATEMENT
(BLANK);  JUDICIAL MEDIATION PROGRAM..

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Thu | 08/16/07 | 6:16pm | Business | PER THE RECEPTIONIST, THE SUBJECT IS NOT IN AT THIS TIME. Attempt made by: TONY LOWE. Attempt at: 2048 POLK STREET, #5  SAN FRANCISCO CA 94109. |
| Mon | 08/20/07 | 1:25pm | Business | PER THE RECEPTIONIST, THE SUBJECT IS NOT IN AT THIS TIME. Attempt made by: TONY LOWE. Attempt at: 2048 POLK STREET, #5  SAN FRANCISCO CA 94109. |
| Tue | 08/21/07 | 3:15pm | Business | Substituted Service on:  RAYMOND G. CHOY Business - 2048 POLK STREET, #5 SAN FRANCISCO, CA. 94109 by leaving a copy of the document(s) with: OVAYS TALEL, RECEPTIONIST. Served by: TONY LOWE |
| Wed | 08/22/07 | | | Mailed copy of Documents to:  RAYMOND G. CHOY |

3. Person Executing
   a. TONY LOWE
   b. **FIRST LEGAL SUPPORT SERVICES**
      1511 BEVERLY BOULEVARD
      LOS ANGELES, CA 90026
   c. (213) 250-1111, FAX (213) 250-1197

Recoverable Costs Per CCP 1033.5(a)(4)(B)
d. **The Fee** for service was:
e. I am:  (3) Not a Registered California Process Server

4. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Aug. 22, 2007       **AFFIDAVIT OF REASONABLE DILIGENCE**       (TONY LOWE)

☩     Page: 1                                                                6368273.fragr-sf.82521



| | For Court Use Only |
|---|---|
| *Attorney or Party without Attorney:*<br>THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA 94109<br>*Telephone No:* 415-674-8600     *FAX No:* 415-674-9900 | |

*Attorney for:* Plaintiff

*Ref. No or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*

SAN FRANCISCO COUNTY SUPERIOR COURT

*Plaintiff:* NICOLE MOSS, et al.

*Defendant:* MOLTE COSE, et al.

| **PROOF OF SERVICE**<br>**By Mail** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>CGC-07-464669 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS; COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; CIVIL CASE COVER SHEET; NOTICE TO PLAINTIFF; ADR INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT (BLANK); JUDICIAL MEDIATION PROGRAM.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

   a. Date of Mailing:
   b. Place of Mailing:
   c. Addressed as follows:

   Wed., Aug. 22, 2007
   SAN FRANCISCO, CA 94103
   RAYMOND G. CHOY
   2048 POLK STREET, #5
   SAN FRANCISCO, CA 94109

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Wed., Aug. 22, 2007 in the ordinary course of business.

5. *Person Serving:*
   a. AARON DANIEL
   b. FIRST LEGAL SUPPORT SERVICES
      1138 HOWARD STREET
      SAN FRANCISCO, CA 94103
   c. 415-626-3111

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*
   e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Aug. 22, 2007

(AARON DANIEL)     *6368273.thofr-fg.82521*

PROOF OF SERVICE
By Mail

| Attorney or Party without Attorney:<br>THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA 94109<br>Telephone No: 415-674-8600    FAX No: 415-674-9900 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No. or File No.: |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT |
| Plaintiff: NICOLE MOSS, et al. |
| Defendant: MOLTE COSE, et al. |

| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-07-464669 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES;  CIVIL CASE COVER SHEET;  NOTICE TO PLAINTIFF;  ADR INFORMATION PACKAGE;  CASE MANAGEMENT STATEMENT (BLANK);  JUDICIAL MEDIATION PROGRAM.

3. a. Party served:                        LORRAINE J. CHOY

4. Address where the party was served:        2048 POLK STREET, #5
                                             SAN FRANCISCO, CA  94109

5. I served the party:
   b. by substituted service.  On: Tue., Aug. 21, 2007 at: 3:15PM by leaving the copies with or in the presence of:
                OVAYS TALEL, RECEPTIONIST
   (1) (Business)  a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. Person Who Served Papers:
   a. TONY LOWE

   First Legal Support Services SM
   ATTORNEY SERVICES
   1511 BEVERLY BOULEVARD
   Los Angeles, CA 90026
   (213) 250-1111, FAX (213) 250-1197

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. The Fee for Service was:

   e. I am: Not a Registered California Process Server

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Wed, Aug. 22, 2007

                                                        Tony Lowe

Judicial Council Form POS-010          PROOF OF SERVICE          (TONY LOWE)      6368274.thofr-fg.82527
Rule 982.9.(a)&(b) Rev January 1, 2007          SUMMONS

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| THOMAS E. FRANKOVICH, Bar #74414 THE FRANKOVICH GROUP 2806 VAN NESS AVE. SAN FRANCISCO, CA 94109 | | |
| Telephone No: 415-674-8600   FAX: No: 415-674-9900 | Ref. No or File No.: | |

| Insert name of Court, and Judicial District and Branch Court: |
|---|
| SAN FRANCISCO COUNTY SUPERIOR COURT |

Plaintiff: NICOLE MOSS, et al.
Defendant: MOLTE COSE, et al.

| **AFFIDAVIT OF REASONABLE DILIGENCE** | Hearing Date: | Time: | Dept/Div: | Case Number: CGC-07-464669 |
|---|---|---|---|---|

1. I, TONY LOWE, and any employee or independent contractors retained by FIRST LEGAL SUPPORT SERVICES are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant LORRAINE J. CHOY as follows:

2. *Documents:* SUMMONS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; CIVIL CASE COVER SHEET; NOTICE TO PLAINTIFF; ADR INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT (BLANK); JUDICIAL MEDIATION PROGRAM..

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Thu | 08/16/07 | 6:16pm | Business | PER THE RECEPTIONIST, THE SUBJECT IS NOT IN AT THIS TIME. Attempt made by: TONY LOWE. Attempt at: 2048 POLK STREET, #5  SAN FRANCISCO CA 94109. |
| Mon | 08/20/07 | 1:25pm | Business | PER THE RECEPTIONIST, THE SUBJECT IS NOT IN AT THIS TIME. Attempt made by: TONY LOWE. Attempt at: 2048 POLK STREET, #5  SAN FRANCISCO CA 94109. |
| Tue | 08/21/07 | 3:15pm | Business | Substituted Service on:  LORRAINE J. CHOY Business - 2048 POLK STREET, #5 SAN FRANCISCO, CA. 94109 by leaving a copy of the document(s) with: OVAYS TALEL, RECEPTIONIST. Served by: TONY LOWE |
| Wed | 08/22/07 | | | Mailed copy of Documents to:  LORRAINE J. CHOY |

3. *Person Executing*
   a. TONY LOWE
   b. **FIRST LEGAL SUPPORT SERVICES**
      1511 BEVERLY BOULEVARD
      LOS ANGELES, CA  90026
   c. (213) 250-1111, FAX (213) 250-1197

Recoverable Costs Per CCP 1033.5(a)(4)(B)
   d. *The Fee for service was:*
   e. *I am:* (3) Not a Registered California Process Server

4. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Aug. 22, 2007          **AFFIDAVIT OF REASONABLE DILIGENCE**          (TONY LOWE)

✝ Page: 1

6368274.fragr-sf.82527



| Attorney or Party without Attorney:<br>THOMAS E. FRANKOVICH, Bar #74414<br>THE FRANKOVICH GROUP<br>2806 VAN NESS AVE.<br>SAN FRANCISCO, CA 94109<br>Telephone No: 415-674-8600    FAX No: 415-674-9900 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | Ref. No or File No.: |

Insert name of Court, and Judicial District and Branch Court:

SAN FRANCISCO COUNTY SUPERIOR COURT

Plaintiff: NICOLE MOSS, et al.

Defendant: MOLTE COSE, et al.

| **PROOF OF SERVICE**<br>**By Mail** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>CGC-07-464669 |
|---|---|---|---|---|

1. I am over the age of 18 and not a party to this action. I am employed in the county where the mailing occured.

2. I served copies of the SUMMONS COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; CIVIL CASE COVER SHEET; NOTICE TO PLAINTIFF; ADR INFORMATION PACKAGE; CASE MANAGEMENT STATEMENT (BLANK); JUDICIAL MEDIATION PROGRAM.

3. By placing a true copy of each document in the United States mail, in a sealed envelope by **First Class** mail with postage prepaid as follows:

    a. Date of Mailing:               Wed., Aug. 22, 2007
    b. Place of Mailing:             SAN FRANCISCO, CA 94103
    c. Addressed as follows:        LORRAINE J. CHOY
                             2048 POLK STREET, #5
                             SAN FRANCISCO, CA 94109

4. I am readily familiar with the business practice for collection and processing of correspondence as deposited with the U.S. Postal Service on Wed., Aug. 22, 2007 in the ordinary course of business.

5. Person Serving:
    a. AARON DANIEL
    b. FIRST LEGAL SUPPORT SERVICES
       1138 HOWARD STREET
       SAN FRANCISCO, CA 94103
    c. 415-626-3111

                                      Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d. *The Fee for Service was:*
    e. I am: Not a Registered California Process Server

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Wed, Aug. 22, 2007

Judicial Council Form POS-010
Rule 982.9.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
By Mail

(AARON DANIEL)

6368274.thofr-fg.82527

**CERTIFICATE OR PROOF OF SERVICE BY MAIL**

State of California          )
                             ) ss
County of San Francisco      )

I, the undersigned, say: I am and was at all times herein mentioned, a resident of the County of San Francisco, over the age of eighteen (18) years and not a party to the within action or proceeding; that my business address is 2806 Van Ness Avenue, San Francisco, CA 94109-5460; that on the below date, following normal business practice, I served the foregoing document, described as:

**PROOF OF SERVICE SUMMONS AND COMPLAINT**

on the interested parties in this action, conveyed as follows:

☒   By depositing true copies thereof, enclosed in a sealed envelope, with postage thereon fully prepaid:
☒   in first class U.S. Mail
☐   in ____ priority or ____ standard overnight mail via Federal Express.
I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence, including said envelope, will be deposited with the United States Postal Service at San Francisco.

addressed to:

Lorraine J. Choy                        Michael L. Greenberg, Esq.
Raymond G. Choy                         595 Market Street, Ste. 1100
2048 Polk Street, #5                    San Francisco, CA 94105
San Francisco, CA 94109
                                        Teresa Marie Nittolo
                                        2044 Polk Street
                                        San Francisco, Ca 94109

I declare under penalty of perjury under the laws of the State of California that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct. Executed August 28, 2007, at San Francisco, California.

Armetrice R. Cooper
(Original signed)

# EXHIBIT B

1  TYLER M. PAETKAU, Bar No. 146305
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street
3  20th Floor
   San Francisco, CA  94108.2693
4  Telephone:   415.433.1940

5  Attorneys for Defendant
   TERESA MARIE NITTOLO doing business as
6  MOLTE COSE

7

ENDORSED
F I L E D
San Francisco County Superior Court

SEP 1 9 2007

GORDON PARK-LI, Clerk
BY: _____ ELIAS BUTT
                        Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10  NICOLE MOSS, an individual; and          Case No. CGC-07-464669
    DISABILITY RIGHTS ENFORCEMENT,
11  EDUCATION, SERVICES: HELPING             **DEFENDANT TERESA MARIE**
    YOU HELP OTHERS, a California public     **NITTOLO'S ANSWER TO PLAINTIFFS'**
12  benefit corporation,                     **UNVERIFIED COMPLAINT FOR**
                                             **DAMAGES AND INJUNCTIVE RELIEF**
13                    Plaintiffs,
                                             Dept:         212
14        v.                                 Judge:        Hon. Arlene T. Borick
                                             Complaint Filed: June 27, 2007
15  MOLTE COSE,                              Trial Date:   None
    RAYMOND G. CHOY and
16  LORRAINE J. CHOY,
    TERESA MARIE NITTOLO, an
17  individual dba MOLTE COSE, and
    DOES 1-20, inclusive,
18
                      Defendants.
19

20

21

22        Defendant TERESA MARIE NITTOLO doing business as MOLTE COSE

23  (hereinafter "Defendant") answers Plaintiffs' NICOLE MOSS and DISABILITY RIGHTS

24  ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS (hereinafter

25  "Plaintiffs") unverified Complaint alleging denial of access by a public accommodation in violation

26  of the Americans with Disabilities Act, denial of full and equal access in violation of the California

27  Civil Code, denial of accessible sanitary facilities in violation of the California Health & Safety

28  Code and denial of access to full and equal accommodations, advantages, facilities, privileges and/or

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1    services in violation of the California Unruh Rights Act on file in the above-entitled action as

2    follows:

### GENERAL DENIAL

4    Pursuant to Code of Civil Procedure Section 431.30(d), Defendant hereby answers

5    the Complaint filed by Plaintiffs by generally denying each and every allegation contained therein,

6    by denying that Plaintiffs have been damaged or have sustained any damages as a result of the

7    conduct alleged therein, and by asserting the following separate and distinct affirmative defenses:

### AFFIRMATIVE DEFENSES

9    As separate and distinct affirmative defenses to Plaintiffs' unverified Complaint,

10   Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE –

12   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

19   Defendant alleges that neither the Complaint, nor any cause of action set forth

20   therein, states facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE –

22   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

2.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1    Defendant alleges that Plaintiffs' causes of action are barred, in whole or in part, by

2    all of the applicable statutes of limitation.

3    ### THIRD AFFIRMATIVE DEFENSE –

4    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

11   Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because

12   Plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged

13   conduct and/or omissions of Defendant.

14   ### FOURTH AFFIRMATIVE DEFENSE –

15   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

16   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

17   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

18   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

19   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

20   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

21   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

22   Defendant alleges that Plaintiffs' claims for injunctive relief are barred, in whole or in

23   part, because Plaintiffs' legal remedies are adequate.

24   ### FIFTH AFFIRMATIVE DEFENSE –

25   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

26   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

27   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

28   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

3.

1   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

2   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

3   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

4           Defendant alleges that Plaintiffs' claims are barred from any remedy, or certain

5   remedies, under the doctrines of laches, waiver and/or estoppel.

6                     **SIXTH AFFIRMATIVE DEFENSE –**

7   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

14           Defendant alleges that Plaintiffs' claims are barred from any remedy, or certain

15   remedies, under the doctrine of unclean hands.  See *Molski v. Mandarin Touch Restaurant*, 359 F.

16   Supp. 2d 924 (C.D. Cal. 2005) (holding that plaintiff's counsel, the Frankovich Group, must seek

17   leave of court before filing any claims under the Americans with Disabilities Act) *affirmed by*

18   *Molski v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 (9th Cir. 2007); *Molski v.*

19   *Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) (finding that a claim under the

20   American with Disabilities Act against defendants constituted vexatious litigation).

21                  **SEVENTH AFFIRMATIVE DEFENSE –**

22   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages       Case No. CGC-07-464669

1    Defendant alleges that Plaintiff Disability Rights Enforcement, Education, Services:

2    Helping You Help Others lacks standing to sue.

3    **EIGHTH AFFIRMATIVE DEFENSE –**

4    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

5    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

6    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

7    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

8    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

9    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

11   Defendant alleges that Plaintiffs have failed to mitigate their damages.

12   **NINTH AFFIRMATIVE DEFENSE**

13   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

14   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

15   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

16   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

17   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

18   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

19   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

20   Defendant alleges that Civil Code §§ 51, 52, 54, 54.1 and 54.3 and Health and Safety

21   Code §§ 19955 et seq. do not create a private cause of action for damages for alleged discrimination.

22   Civil Code § 55 provides only a private cause of action to enjoin such alleged statutory violations.

23   **TENTH AFFIRMATIVE DEFENSE –**

24   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

25   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

26   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

27   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

28   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

5.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages        Case No. CGC-07-464669

1  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

2  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

3        Assuming, arguendo, that Plaintiffs were denied access to a place of public

4  accommodation, Defendant alleges that such exclusion was not unlawful because access could not

5  be provided to Plaintiffs without causing undue hardship to Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE –

7  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

14        Assuming, arguendo, that Plaintiffs were denied access to the subject facility,

15  Defendant alleges that such exclusion was not unlawful because access could not be provided to

16  Plaintiffs without fundamentally altering the nature and/or character of the business establishment

17  and the goods and services provided therein.

## TWELFTH AFFIRMATIVE DEFENSE –

19  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

20  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

21  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

22  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

23  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

24  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

25  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

26        Assuming, arguendo, that Plaintiffs were denied access to the subject facility,

27  Defendant alleges that such exclusion was not unlawful because barrier removal was not readily

28  achievable.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages      Case No. CGC-07-464669

1    **THIRTEENTH AFFIRMATIVE DEFENSE –**

2    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

3    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

4    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

5    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

6    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

7    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

9            Assuming, arguendo, that Plaintiffs were denied access to the subject facility,

10   Defendant alleges that such exclusion was not unlawful because the facility operated by Defendant

11   was not a newly constructed facility nor did it have any alterations, requiring compliance with Title

12   III of the American's with Disabilities Act, or Title 24 of the California Code of Regulations, during

13   the relevant time frame.

14   **FOURTEENTH AFFIRMATIVE DEFENSE –**

15   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

16   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

17   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

18   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

19   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

20   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

21   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

22           Assuming, arguendo, that Plaintiffs were denied access to the subject facility for the

23   reasons set forth in paragraph 14 and 15 of the Complaint, Defendant alleges that she has no liability

24   for any such allegedly unlawful conditions because Defendant does not and has not exerted custody

25   and/or control over the sidewalk. Therefore, Defendant is improperly joined.

26   **FIFTEENTH AFFIRMATIVE DEFENSE –**

27   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

28   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

7.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages        Case No. CGC-07-464669

1  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

2  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

3  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

4  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

5  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

6         Assuming, arguendo, that the facilities at issue were designed, developed,

7  constructed, modified and/or altered in violation of federal and/or California law, Defendant alleges

8  that all legal requirements for access by disabled persons have been met through the obtaining of

9  necessary permits from appropriate legal authorities for the construction, alteration or modification

10  of the premises, and that Defendant reasonably relied on the actions of such legal authorities.

11                    **SIXTEENTH AFFIRMATIVE DEFENSE –**

12  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

19         Assuming, arguendo, that the facilities at issue were designed, developed,

20  constructed, modified and/or altered in violation of federal and/or California law, Defendant alleges

21  that she had no such knowledge.

22                    **SEVENTEENTH AFFIRMATIVE DEFENSE –**

23  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

2       Defendant alleges that she did not deny Plaintiffs full and equal access to goods,

3  services, facilities, privileges, advantages or accommodations within a public accommodation

4  owned, leased and/or operated by Defendant as required by federal law, including, but not limited to

5  the ADA and/or California law, including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3,

6  and 55.

7             **EIGHTEENTH AFFIRMATIVE DEFENSE –**

8  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

9  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

10  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

11  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

12  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

13  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

14  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

15       Defendant alleges that she provided Plaintiffs with alternative methods for access to

16  the facility.

17             **NINETEENTH AFFIRMATIVE DEFENSE –**

18  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

19  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

20  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

21  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

22  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

23  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

24  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

25       Defendant alleges that Plaintiffs have failed to exhaust the administrative remedies

26  available to them.

27             **TWENTIETH AFFIRMATIVE DEFENSE –**

28  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

9.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

2  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

3  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

4  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

5  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

6  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

7          Defendant alleges that Plaintiffs failed to notify Defendant of their need, if any, for

8  equivalent service and access or accommodation, and failed to allow Defendant the opportunity to

9  provide such.

10  ## TWENTY-FIRST AFFIRMATIVE DEFENSE –

11  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

12  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

13  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

14  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

15  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

16  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

17  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

18          Defendant alleges that the acts or omissions alleged were the proximate result of the

19  conduct of third persons such that Defendant cannot be held liable for such acts or omissions, and

20  that said third persons owe a duty to Defendant to indemnify it for any damages, attorney's fees

21  and/or costs incurred as a result of their litigation.

22  ## TWENTY-SECOND AFFIRMATIVE DEFENSE –

23  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

10.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

2         Defendant alleges that the alleged acts or omissions to which Plaintiffs refer which

3    form the basis of Plaintiffs' Complaint were done, if at all, in good faith, honestly and without

4    malice and Defendant has not violated any rights Plaintiffs may have under federal, state or local

5    laws, regulations or guidelines.

6                    **TWENTY-THIRD AFFIRMATIVE DEFENSE –**

7    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

14        Defendant alleges that the cost of some or all of the modifications to the subject

15   properties that Plaintiffs seeks to have imposed upon Defendant are disproportionate in terms of the

16   cost and scope to that of any alterations made within the statutory period, if any.

17                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE –**

18   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

19   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

20   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

21   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

22   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

23   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

24   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

25        Defendant alleges that she granted Plaintiffs access to the subject facilities, and if

26   Plaintiffs were in fact excluded from the subject facility, any such exclusion was for reasons

27   rationally related to the services performed and the facilities provided by Defendant.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

11.

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages        Case No. CGC-07-464669

1    **TWENTY-FIFTH AFFIRMATIVE DEFENSE –**

2    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

3    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

4    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

5    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

6    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

7    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

9           Defendant alleges that she has fulfilled any obligation that she may have had to

10   reasonably accommodate Plaintiffs' alleged disabilities.

11   **TWENTY-SIXTH AFFIRMATIVE DEFENSE –**

12   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18   BY DEFENDANT AND NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

19          Defendant alleges that any and all actions taken by Defendant, or anyone acting on

20   her behalf, if any, with respect to Plaintiffs or the conditions of the establishment in question, were

21   for lawful and legitimate, non-discriminatory reasons.

22   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE –**

23   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

24   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

25   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

26   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

27   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

28   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

12.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages    Case No. CGC-07-464669

1  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

2          Defendant alleges that the Complaint and each and every cause of action alleged

3  therein is barred in that at all times relevant hereto, Defendant acted reasonably, in good faith and

4  without malice, based upon the relevant facts and circumstances known to her at the time she acted,

5  if at all.

6                    **TWENTY-EIGHTH AFFIRMATIVE DEFENSE –**

7  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

8  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

9  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

10  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

11  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

12  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

13  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

14          Defendant alleges that Defendant's services and/or facilities provided to the public

15  are readily accessible to and usable by persons with disabilities as required by California and Federal

16  laws, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.,

17  the California Disabled Persons Act, California Civil Code §§ 54 et seq., the California Unruh Civil

18  Rights Act, California Civil Code §§ 51 et seq., and the California Health and Safety Code Part 5.5.

19                    **TWENTY-NINTH AFFIRMATIVE DEFENSE –**

20  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

21  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

22  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

23  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

24  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

25  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

26  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

27          Defendant alleges that Plaintiffs were not true customers of the business, and that

28  Plaintiffs were merely testers engaged in visiting the subject facilities in order to ascertain whether

13.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1   there were any purported ADA and/or related violations.

2                    **THIRTIETH AFFIRMATIVE DEFENSE –**

3   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

4   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

5   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

6   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

7   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

8   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

9   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

10          Assuming, arguendo, that Plaintiffs were denied access to the subject facility,

11   Defendant alleges that it would be structurally impracticable to design and construct the facility to

12   make it reasonably accessible to people with disabilities.

13                 **THIRTY-FIRST AFFIRMATIVE DEFENSE –**

14   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

15   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

16   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

17   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

18   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

19   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

20   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

21          Assuming, arguendo, that Plaintiffs were denied access to the subject facility,

22   Defendant alleges that such exclusion was not unlawful because the facility in which Defendant

23   operates her business was not a newly constructed facility, nor did it have any alterations requiring

24   compliance with any applicable law during the relevant timeframe.

25              **THIRTY-SECOND AFFIRMATIVE DEFENSE –**

26   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

27   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

28   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

14.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages     Case No. CGC-07-464669

1  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

2  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

3  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

4  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

5  Defendant alleges that Plaintiffs did not exercise due caution or care with respect to

6  matters alleged in the Complaint and if, in fact, Plaintiffs suffered any damage or injury, Plaintiffs

7  contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to

8  which Plaintiffs might otherwise by entitled must be denied or reduced accordingly.

9  **THIRTY-THIRD AFFIRMATIVE DEFENSE –**

10  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

11  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

12  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

13  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

14  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

15  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

16  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

17  Defendant alleges that Plaintiffs had equal access to the facilities at issue as non-

18  disabled individuals.

19  **THIRTY-FOURTH AFFIRMATIVE DEFENSE –**

20  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

21  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

22  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

23  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

24  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

25  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

26  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

27  Defendant alleges that Plaintiffs are not legally entitled to recover any attorneys' fees

28  with regard to this matter.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

15.

1        **THIRTY-FIFTH AFFIRMATIVE DEFENSE –**

2    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

3    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

4    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

5    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

6    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

7    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

8    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

9            Defendant alleges that Plaintiffs have failed to state facts sufficient to set forth

10   claim(s) for punitive, treble and/or exemplary damages.

11       **THIRTY-SIXTH AFFIRMATIVE DEFENSE –**

12   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

13   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

14   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

15   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

16   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

18   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

19           Defendant alleges that Plaintiffs have failed to allege special damages with the

20   requisite degree of specificity.

21      **THIRTY-SEVENTH AFFIRMATIVE DEFENSE –**

22   (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

23   accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

24   FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

25   ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

26   Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

27   advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

28   BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

16.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages        Case No. CGC-07-464669

1    Defendant allege that California Civil Code §§ 54.3 and 55, providing for public

2    prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and

3    damages provided for by Civil Code § 52 are not recoverable for such violations.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE –

5    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

6    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

7    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

8    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

9    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

10    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

11    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

12    Defendant alleges that she owed no duty of care toward Plaintiffs.

### THIRTY-NINTH AFFIRMATIVE DEFENSE –

14    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

15    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

16    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

17    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

18    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

19    advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

20    BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

21    Defendant alleges that Plaintiffs alleged injuries and alleged damages, if any, were

22    proximately caused and contributed to by the negligence of Plaintiffs.

### FORTIETH AFFIRMATIVE DEFENSE –

24    (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

25    accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

26    FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

27    ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

28    Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

17.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages          Case No. CGC-07-464669

1  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

2  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

3           Defendant alleges that Plaintiffs did not make any attempt to enter the subject facility.

4             **FORTY-FIRST AFFIRMATIVE DEFENSE –**

5  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

6  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

7  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

8  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

9  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

10  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

11  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

12           Defendant alleges that she did not deny Plaintiffs full and equal access to goods,

13  services, facilities, privileges, advantages or accommodations within a public accommodation

14  owned, leased and/or operated by Defendant as required by federal law, including, but not limited to

15  the ADA and/or California law, including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3,

16  and 55 because the bathrooms located inside the subject facilities are not open to the public for use.

17             **FORTY-SECOND AFFIRMATIVE DEFENSE –**

18  (AGAINST PLAINTIFFS' FIRST CAUSE OF ACTION FOR denial of access by a public

19  accommodation in violation of the Americans with Disabilities Act, SECOND CAUSE OF ACTION

20  FOR denial of full and equal access in violation of the California Civil Code, THIRD CAUSE OF

21  ACTION FOR denial of accessible sanitary facilities in violation of the California Health & Safety

22  Code and FOURTH CAUSE OF ACTION FOR denial of access to full and equal accommodations,

23  advantages, facilities, privileges and/or services in violation of the California Unruh Civil Rights Act

24  BY DEFENDANT NICOLE NITTOLO AGAINST ALL PLAINTIFFS)

25           Defendant reserves the right to amend her answer should she later discover facts

26  demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

27  the law support the inclusion of new and/or additional defenses.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

18.

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages      Case No. CGC-07-464669

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. Plaintiffs take nothing by way of their Complaint and each claim for relief therein;

2. The Complaint and each claim for relief therein be dismissed in entirety with prejudice;

3. Judgment be entered in favor of Defendant and against Plaintiffs;

4. Defendant recovers her costs and reasonable attorneys' fees incurred herein;

5. Defendant be awarded her costs of suit herein; and

6. This Court grant Defendant such additional relief as is deemed to be just and proper.

Dated: September 19, 2007

*Tyler M. Paetkau*

TYLER M. PAETKAU
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
TERESA MARIE NITTOLO doing business
as MOLTE COSE

Firmwide:83121088.1 999999.2393

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433.1940

Defendant's Answer to Plaintiffs' Unverified Complaint for Damages                    Case No. CGC-07-464669

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 650 California Street, 20th Floor, San Francisco, California 94108.2693. On September 19, 2007, I served the within document(s):

- **DEFENDANTS' ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

| | |
|---|---|
| ☐ | **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses indicated below and *(specify one)*: |
| | ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. |
| | ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☒ | **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service (First Legal Services  T(415) 626-3111). |
| ☐ | **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached. |
| ☐ | **By e-mail or electronic transmission. AS A COURTESY**, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

**Counsel for Plaintiff, Nichole Moss, et al.**

Thomas E. Frankovich, Esq.
**Thomas E. Frankovich, APLC**
2806 Van Ness Avenue
San Francisco, CA  94109
Fax: (415) 674-9900
E-mail:

**Defendants,**

Raymond G. Choy
2048 Polk Street, # 5
San Francisco, CA  94109


Lorraine J. Choy
2048 Polk Street, # 5
San Francisco, CA  94109

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1

2          I declare under penalty of perjury under the laws of the State of California that the

3   above is true and correct. Executed on September 19, 2007, at San Francisco, California.

4

5                                                          _____

6   C:\Documents and Settings\ntorres\Desktop\091907 POS for Noss v Molte Cose.doc        Nora Lopez Torres

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

2.

PROOF OF SERVICE

# EXHIBIT C

1  TYLER M. PAETKAU, Bar No. 146305
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street
3  20th Floor
   San Francisco, CA  94108.2693
4  Telephone:    415.433.1940

5  Attorneys for Defendants
   RAYMOND G. CHOY, LORRAINE J. CHOY
6  AND TERESA MARIE NITTOLO doing business
   as MOLTE COSE

7

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

SEP 1 9 2007

GORDON PARK-LI, CLERK

BY: _____
Deputy Clerk
ROSSALY E. DE LA VEGA NAVARRO

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF SAN FRANCISCO

10  NICOLE MOSS, an individual; and          Case No. CGC-07-464669
    DISABILITY RIGHTS ENFORCEMENT,
11  EDUCATION, SERVICES: HELPING             **NOTICE TO PLAINTIFFS, PLAINTIFFS'**
    YOU HELP OTHERS, a California public     **COUNSEL AND STATE COURT OF**
12  benefit corporation,                     **REMOVAL OF CIVIL ACTION**
                                             **PURSUANT TO 28 U.S.C. §§ 1331, 1441(b)**
13          Plaintiffs,                      **AND 1446 (FEDERAL QUESTION)**

14      v.                                   Dept:        212
                                             Judge:       Hon. Arlene T. Borick
15  MOLTE COSE, RAYMOND G. CHOY              Complaint Filed:  June 27, 2007
    and LORRAINE J. CHOY, TERESA             Trial Date:  None
16  MARIE NITTOLO, an individual dba
    MOLTE COSE, and DOES 1-20, inclusive,
17
            Defendants.
18

19

20

21          TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN

22  FRANCISCO, PLAINTIFFS NICOLE MOSS AND DISABILITY RIGHTS ENFORCEMENT,

23  EDUCATION, SERVICES:  HELPING YOU HELP OTHERS and PLAINTIFFS' ATTORNEY OF

24  RECORD:

25          PLEASE TAKE NOTICE that Defendants Molte Cose, Raymond G. Choy, Lorraine

26  J. Choy and Teresa Marie Nittolo have on September 19, 2007, filed a Notice of Removal in the

27  office of the Clerk of the United States District Court in and for the Northern District of California

28  pursuant to 28 U.S.C. §§ 1331, 1367, 1441(b) and 1446.  A true and correct copy of said Notice of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

Notice to Plaintiffs and State Court of Removal                    Case No. CGC-07-464669

Removal and accompanying exhibits are attached hereto and incorporated herein by reference as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of said Notice of Removal of Civil Action with the United States District Court, together with the filing of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

Dated: September 19, 2007

*Tyler M. Paetkau*
TYLER M. PAETKAU
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
RAYMOND G. CHOY, LORRAINE J. CHOY
AND TERESA MARIE NITTOLO doing
business as MOLTE COSE

C:\Documents and Settings\abarbeau\Desktop\Notice for State Court in Moss v. Molte Cose.doc

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

2.

Notice to Plaintiffs and State Court of Removal    Case No. CGC-07-464669

# ATTACHMENT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLE MOSS
        Plaintiff (s)

v.

MOLTE COSE
        Defendant(s).

C 07-04813 EDL
**SCHEDULING ORDER FOR CASES
ASSERTING DENIAL OF RIGHT OF
ACCESS UNDER AMERICANS WITH
DISABILITIES ACT TITLE III  (42 U.S.C. §§
12181- 89)**

IT IS HEREBY ORDERED that this action is assigned to the Honorable <u>Elizabeth D. Laporte</u>.  When serving the complaint or notice of removal, the plaintiff or removing defendant  must serve on all other parties a copy of this Order and the assigned judge's pertinent Standing Orders.  This case is otherwise exempt from Civil Local Rule  4-2. Counsel  must comply with the case schedule listed below unless the Court otherwise orders.

## CASE  SCHEDULE

| Date | Event | Rule(s) |
|---|---|---|
| 9/19/2007 | **Notice of removal filed** | |
| 11/19/2007 | **Last day for plaintiff to complete service on defendants or file motion for administrative relief from deadline** | <u>General Order 56; Civil Local Rule 7-11</u> |
| 7 days before Joint Site Inspection | **Last day for parties to complete initial disclosures, including defendant's disclosure re: construction or alteration history of  subject premises** | <u>FRCivP 26(a);</u> <u>General Order 56 ¶2;</u> |
| 12/28/2007 | **Last day for parties and counsel to hold joint inspection of premises, with or without meet-and-confer regarding settlement** | <u>General Order 56 ¶3,4;</u> |
| 10 business days after Joint Site Inspection | **Last day for parties to meet and confer in person to discuss settlement** | <u>General Order 56  ¶4;</u> |
| 45 days after Joint Site Inspection | **Last day for plaintiff to file "Notice of Need for Mediation"** | <u>General Order 56  ¶6;</u> |
| 7 calendar days after mediation | **Last day for plaintiff to file Motion for Administrative Relief Requesting Case Management Conference** | <u>General Order 56  ¶7; Civil Local Rule 7-11</u> |

JS44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES; et al.

**DEFENDANTS**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  San Francisco
(IN U.S. PLAINTIFF CASES)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. FRANKOVICH, Attorney for Plaintiffs
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA  94109
Telephone (415) 674-8600     Facsimile: (415) 674-9900

ATTORNEYS (IF KNOWN)
TYLER M. PAETKAU, Attorney for Defendants, Teresa Marie Nittolo, Raymond G. Choy and Lorraine J. Choy
LITTLER MENDELSON, PC
650 California Street, 20th Floor
San Francisco, CA  94108.2693 T.415.433.1940

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** [PLACE AN "X" IN ONE BOX ONLY]

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury -Product Liability
☐ 368 Asbestos Personal Injury Product Liability
PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing
☐ 444 Welfare
☐ 440 Other Civil Rights
☐ 445 Amer w/ disab - Empl
☒ 446 Amer w/ disab - Other

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Denial of Access by a Public Accommodation in violation of the Americans with Diabilities Act, 42 U.S.C.§12101 et seq., Cal.Civ. Code§§54, 54.1 and 54.3, Cal.Health & Safety Code§199.55 et seq. and Cal. Uhruh Civil Rights Act, Cal. Civ. Code §51 et seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE
September 19, 2007

SIGNATURE OF ATTORNEY OF RECORD
*Tyler M. Paetkau*
TYLER M. PAETKAU, Attorney for DEFENDANTS