TYLER M. PAETKAU, Bar No. 146305
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490
E-mail: tpaetkau@littler.com

Attorneys for Defendants
RAYMOND G. CHOY, LORRAINE J. CHOY, and
TERESA MARIE NITTOLO dba MOLTE COSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICOLE MOSS, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOLTE COSE; RAYMOND G. CHOY and LORRAINE J. CHOY; TERESA MARIE NITTOLO, an individual dba MOLTE COSE,<br><br>Defendants. | Case No. C 07-04813 EDL<br><br>**DEFENDANTS RAYMOND G. CHOY AND LORRAINE J. CHOY'S ANSWER TO PLAINTIFFS' UNVERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>Judge: Hon. Elizabeth D. Laporte |

Defendants Raymond Choy and Lorraine Choy ("Defendants") hereby answer, for themselves and no other Defendants, the Complaint ("Complaint") of Plaintiffs Nicole Moss and Disability Rights Enforcement Education, Services: Helping You Help Others (herein sometimes referred to as "DREES") (collectively, "Plaintiffs") as follows:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT

Case No. C 07-04813 EDL

## NATURE OF THE ACTION

1. Defendants admit that Plaintiffs purport to bring an action for violation of Plaintiffs' civil rights under the various statutes alleged in paragraph 1 of the Complaint. Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 1 of the Complaint. Defendants are without sufficient knowledge to form a belief that Plaintiff Nicole Moss is disabled. Defendants deny that they denied Plaintiff MOSS or any member of DREES access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services and accommodations thereof. Except as expressly admitted, Defendants deny all other allegations in paragraph 1 of the Complaint.

2. Defendants are without sufficient knowledge to form a belief that Plaintiff Nicole Moss was an invitee, guest, patron, customer at Defendant MOLTE COSE, in the city of San Francisco, California. Defendants deny all other allegations contained in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 are legal conclusions that the Defendants are not obligated to answer. Defendants submit that jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C §1441(b) as a result of original jurisdiction based on federal question.

4. Defendants admit that the conduct complained of allegedly occurred in San Francisco, California. Defendants submit that venue is proper in this Court pursuant to 28 U.S.C §§ 84(a), 1391, 1446.

## PARTIES

5. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, on that basis, deny said allegations.

6. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, on that basis, deny said allegations.

7. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, on that basis, deny said allegations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT            2.            Case No. C 07-04813 EDL

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. The allegations contained in paragraph 10 are legal conclusions that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

## PRELIMINARY FACTUAL ALLEGATIONS

11. Defendants admit that Molte Cose is a retail store, located at/near 2044 Polk Street, San Francisco, California. The remaining allegations contain legal conclusions that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

12. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, on that basis deny said allegations.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, on that basis, deny said allegations.

15. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, on that basis, deny said allegations.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint, as defense counsel responded to Plaintiffs letter on April 3, 2007 by stating: "My client is evaluating your assertion that disability related accommodation must be to the 'step that goes into the store.'"

18. Paragraph 18 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs interpretation of the statute, as the statutes speaks for itself, and deny the allegations contained in paragraph 32 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT    3.    Case No. C 07-04813 EDL

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that Plaintiffs seek various remedies, but Defendants deny that Plaintiffs are entitled to any of the relief requested. Defendants deny all other allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint. Defendants deny that Plaintiffs are entitled to any of the relief requested.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, on that basis, deny said allegations.

## FIRST CAUSE OF ACTION

## DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (U.S.C §12101, et seq.)

31. Paragraph 31 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendants incorporate by reference, as though fully set forth, their responses stated above to each of the paragraphs Plaintiffs incorporate by reference.

32. Paragraph 32 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statutes, as the statutes speaks for themselves, and deny the allegations contained in paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statute, as the statute speaks for itself, and deny the allegations contained in paragraph 33 of the Complaint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                4.                    Case No. C 07-04813 EDL

34. Paragraph 34 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statute, as the statute speaks for itself, and deny the allegations contained in paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statute, as the statute speaks for itself, and deny the allegations contained in paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statute, as the statute speaks for itself, and deny the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statute, as the statute speaks for itself, and deny the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations as contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations as stated in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint. Defendants deny that Plaintiffs are entitled to any of the relief requested.

41. Defendants are without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, on that basis, deny said allegations. Defendants deny that Plaintiffs are entitled to any of the relief requested.

42. Defendants admit that Plaintiffs seek certain remedies, but Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 42 of the Complaint.

## SECOND CAUSE OF ACTION

## DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3 ET SEQ.

43. Paragraph 43 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendants incorporate by reference, as though fully set forth, their responses stated above to each of the paragraphs Plaintiffs incorporate by reference.

44. Paragraph 44 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Answering paragraph 47, Defendants lacks information or sufficient belief that Plaintiffs are persons within the meaning of Civil Code §54.1, and on that basis deny the allegations contained in Paragraph 47. Defendants admit that Plaintiffs seek certain remedies, but Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 47 of the Complaint. Defendants deny all other allegations contained in paragraph 47 of the Complaint.

48. Defendants lack information or sufficient belief as to whether Plaintiff MOSS is a person with physical disabilities, and on that basis deny the allegations contained in paragraph 48 of the Complaint. Defendants deny all other allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 50 of the Complaint.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                     6.                     Case No. C 07-04813 EDL

51.  Defendants admit that Plaintiffs purport to have incurred legal expenses as alleged in paragraph 51 of the Complaint. Defendants deny that Plaintiffs are entitled to the relief requested in paragraph 51 of the Complaint. Except as expressly admitted, Defendants deny all other allegations contained in paragraph 51 of the Complaint.

### THIRD CAUSE OF ACTION

### DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH AND SAFETY CODE §19955, ET. SEQ.

52.  Paragraph 52 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendants incorporate by reference, as though fully set forth, their responses stated above to each of the paragraphs Plaintiffs incorporate by reference.

53.  Paragraph 53 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations as contained in paragraph 53 of the Complaint.

54.  Paragraph 54 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statutes, as the statutes speaks for themselves, and deny the allegations contained in paragraph 54 of the Complaint.

55.  Paragraph 55 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny Plaintiffs' interpretation of the statutes, as the statutes speaks for themselves, and deny the allegations contained in paragraph 55 of the Complaint.

56.  Defendants admit the allegations set forth in paragraph 56 of the Complaint.

57.  Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.  Defendant admits that Plaintiff purports to have incurred legal expense and hire attorneys in order to enforce Plaintiffs civil rights. Defendants deny that Plaintiffs are entitled to the relief specified in paragraph 58 of the Complaint.

59.  Defendants deny that Plaintiffs are entitled to the relief specified as contained in paragraph 59 of the Complaint.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT   7.   Case No. C 07-04813 EDL

## FOURTH CAUSE OF ACTION

## DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51 ET SEQ.

60. Paragraph 60 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. Defendants incorporate by reference, as though fully set forth, their responses stated above to each of the paragraphs Plaintiffs incorporates by reference.

61. Paragraph 61 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. Paragraph 61 of the Complaint contains legal conclusions or principles that Defendants are not obligated to answer. To the extent that a response is required, Defendants deny the allegations as contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. Defendants deny that Plaintiffs are entitled to any of the relief requested in paragraph 64 of the Complaint.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' unverified Complaint, Defendants alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Defendants allege that neither the Complaint, nor any cause of action set forth therein, states facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

2. Defendants allege that Plaintiffs' claims are barred from any remedy, or certain remedies, by the doctrine of estoppel.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                                8.                                Case No. C 07-04813 EDL

### THIRD AFFIRMATIVE DEFENSE

3. Defendants allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or alleged omissions of Defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants allege that Plaintiffs' claims for injunctive relief are barred, in whole or in part, because Plaintiffs' legal remedies are adequate.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants allege that Plaintiffs' claims are barred from any remedy, or certain remedies, under the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants allege that Plaintiffs' claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands. *See Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924 (C.D. Cal. 2005) (Plaintiffs counsel, The Frankovich Group, must seek leave of court before filing any claims under Americans with Disabilities Act) *affirmed by Molski v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 (9th Cir. 2007); *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) (Claim under American with Disabilities Act against Defendants constituted vexatious litigation).

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants allege that Plaintiffs Nicole Moss and/or Disability Rights Enforcement, Education, Services: Helping You Help Others lack standing to sue.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants allege that Plaintiffs have failed to mitigate their alleged damages.

### NINTH AFFIRMATIVE DEFENSE

9. Defendants allege that Civil Code §§ 51, 52, 54, 54.1 and 54.3 and Health and Safety Code §§ 19955 et seq. do not create a private cause of action for damages for alleged discrimination.. Civil Code § 55 provides only a private cause of action to enjoin such alleged statutory violations.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT           9.           Case No. C 07-04813 EDL

## TENTH AFFIRMATIVE DEFENSE

10. Assuming, *arguendo*, that Plaintiffs were denied access to a place of public accommodation (which Defendants expressly deny), Defendants allege that such exclusion was not unlawful because access could not be provided to Plaintiffs without causing undue hardship to Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility (which Defendants expressly deny), Defendants allege that such exclusion was not unlawful because access could not be provided to Plaintiffs without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

## TWELFTH AFFIRMATIVE DEFENSE

12. Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility (which Defendant expressly deny), Defendants allege that such exclusion was not unlawful because barrier removal was not "readily achievable."

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility, Defendants allege that such exclusion was not unlawful because the facility operated by Defendants was not a newly constructed facility and did not have any alterations, requiring compliance with Title III of the Americans with Disabilities Act, or Title 24 of the California Code of Regulations, during the relevant time frame.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Assuming, *arguendo*, that Plaintiffs were denied access to the subject facility for the reasons set forth in paragraph 14 and 15 of the Complaint (which Defendants expressly deny), Defendants allege that they have no liability for any such allegedly unlawful conditions because Defendants do not and have not exerted custody and/or control over the sidewalk. Therefore, Defendants are improperly joined.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT            10.            Case No. C 07-04813 EDL

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Assuming, arguendo, that the facilities at issue were designed, developed, constructed, modified and/or altered in violation of federal and/or California law, Defendants allege that all legal requirements for access by disabled persons have been met through the obtaining of necessary permits from appropriate legal authorities for the construction, alteration or modification of the premises, and that Defendants reasonably relied on the actions of such legal authorities.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Assuming, arguendo, that the facilities at issue were designed, developed, constructed, modified and/or altered in violation of federal and/or California law, Defendants allege that they had no such knowledge.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants allege that they did not deny Plaintiffs full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased and/or operated by Defendants as required by federal law, including, but not limited to the ADA and/or California law, including, but not limited to, California Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants allege that they provided Plaintiffs with alternative methods for access to the facility.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants allege that Plaintiffs have failed to exhaust the administrative remedies available to them.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that Plaintiffs failed to notify Defendants of their need, if any, for equivalent service and access or accommodation, and failed to allow Defendants the opportunity to provide such.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants allege that the acts or omissions alleged were the proximate result of the conduct of third persons such that Defendants cannot be held liable for such acts or omissions, and that said third persons owe a duty to Defendants to indemnify it for any damages, attorney's fees and/or costs incurred as a result of their litigation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendants allege that the alleged acts or omissions to which Plaintiffs refer which form the basis of Plaintiffs' Complaint were done, if at all, in good faith, honestly and without malice and Defendants has not violated any rights Plaintiffs may have under federal, state or local laws, regulations or guidelines.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Defendants allege that the cost of some or all of the modifications to the subject properties that Plaintiffs seeks to have imposed upon Defendants are disproportionate in terms of the cost and scope to that of any alterations made within the statutory period, if any.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Defendants allege that they granted Plaintiffs access to the subject facilities, and if Plaintiffs were in fact excluded from the subject facility, any such exclusion was for reasons rationally related to the services performed and the facilities provided by Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Defendants allege that they has fulfilled any obligation that they may have had to reasonably accommodate Plaintiffs' alleged disabilities.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Defendants allege that any and all actions taken by Defendants, or anyone acting on their behalf, if any, with respect to Plaintiffs or the conditions of the establishment in question, were for lawful and legitimate, non-discriminatory reasons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendants allege that the Complaint and each and every cause of action alleged therein is barred in that at all times relevant hereto, Defendants acted reasonably, in good

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                12.                Case No. C 07-04813 EDL

faith and without malice, based upon the relevant facts and circumstances known to them at the time they acted, if at all.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

28.     Defendants allege that Defendants services and/or facilities provided to the public are readily accessible to and usable by persons with disabilities as required by California and Federal laws, including, but not limited to, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., the California Disabled Persons Act, California Civil Code §§ 54 et seq., the California Unruh Civil Rights Act, California Civil Code §§ 51 et seq., and the California Health and Safety Code Part 5.5.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

29.     Defendants allege that Plaintiffs were not true customers of the business, and that Plaintiffs were merely testers engaged in visiting the subject facilities in order to ascertain whether there were any purported ADA and/or related violations.

**THIRTIETH AFFIRMATIVE DEFENSE**

30.     Assuming, arguendo, that Plaintiffs were denied access to the subject facility, Defendants allege that it would be structurally impracticable to design and construct the facility to make it reasonably accessible to people with disabilities.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

31.     Assuming, arguendo, that Plaintiffs were denied access to the subject facility, Defendants allege that such exclusion was not unlawful because the facility in which Defendants operates their business was not a newly constructed facility, nor did it have any alterations requiring compliance with any applicable law during the relevant timeframe.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

32.     Defendants allege that Plaintiffs did not exercise due caution or care with respect to matters alleged in the Complaint and if, in fact, Plaintiffs suffered any damage or injury, Plaintiffs contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to which Plaintiffs might otherwise by entitled must be denied or reduced accordingly.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Defendants allege that Plaintiffs had equal access to the facilities at issue as non-disabled individuals.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. Defendants allege that Plaintiffs are not legally entitled to recover any attorneys' fees with regard to this matter.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. Defendants allege that Plaintiffs have failed to state facts sufficient to set forth claim(s) for punitive, treble and/or exemplary damages.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Defendants allege that Plaintiffs have failed to allege special damages with the requisite degree of specificity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37. Defendants allege that California Civil Code §§ 54.3 and 55, providing for public prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and damages provided for by Civil Code § 52 are not recoverable for such violations.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38. Defendants allege that they owed no duty of care toward Plaintiffs.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39. Defendants allege that Plaintiffs alleged injuries and alleged damages, if any, were proximately caused and contributed to by the negligence of Plaintiffs.

### FORTIETH AFFIRMATIVE DEFENSE

40. Defendants allege that Plaintiffs did not make any attempt to enter the subject facility.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41. Defendants allege that they did not deny Plaintiffs full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation owned, leased and/or operated by Defendants as required by federal law, including, but not limited

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                      14.                       Case No. C 07-04813 EDL

to the ADA and/or California law, including, but not limited to, Civil Code §§ 51, 52, 54, 54.1, 54.3, and 55 because the bathrooms located inside the subject facilities are not open to the public for use.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42. Defendants allege that the provisions Plaintiffs rely upon for an award of punitive or exemplary damages, and the substantive rules and procedures and standards for determining the amount and/or whether or not to award such damages, and if so, in what amount, violates the due process and equal protection rights of Defendants under the Constitutions of the United States and California.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43. Defendants reserve the right to amend their answer should they later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that:

1. Plaintiffs take nothing by way of their Complaint and each claim for relief therein;

2. The Complaint and each claim for relief therein be dismissed in entirety with prejudice;

3. Judgment be entered in favor of Defendants and against Plaintiffs;

4. Defendants recover their costs and reasonable attorneys' fees incurred herein as Plaintiffs and their counsel are vexatious litigants who filed and pursued these frivolous claims. See *Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924 (C.D. Cal. 2005) (Plaintiffs' counsel, The Frankovich Group, must seek leave of court before filing any claims under Americans with Disabilities Act in the U.S. District Court, Central District of California), *affirmed by Molski v. Evergreen Dynasty Corp.*, 2007 U.S. App. LEXIS 20966 (9th Cir. 2007); *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860 (C.D. Cal. 2004) (claim under American with Disabilities Act against defendants constituted vexatious litigation).

5. Defendants be awarded their costs of suit herein; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT                           15.                          Case No. C 07-04813 EDL

6. The Court grants Defendants such additional relief as is just and proper.

Dated: September 28, 2007

_____
TYLER M. PAETKAU, Bar No. 146305
LITTLER MENDELSON
A PROFESSIONAL CORPORATION

Attorneys for Defendants
RAYMOND G. CHOY, LORRAINE J. CHOY, and TERESA MARIE NITTOLO dba MOLTE COSE

Firmwide:83155277.1 620000.2393

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT    16.    Case No. C 07-04813 EDL